**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTOPHER ALLEN,

          Plaintiff,

   v.

NEW JERSEY DEPARTMENT OF HUMAN
SERVICES, et al.,

        Defendants.

Civil Action
NO. 06-5229 (JBS)

**OPINION**

**APPEARANCES:**

Mr. Christopher Allen
3959 Elser Street
Philadelphia, PA 19140
    Plaintiff <u>pro</u> <u>se</u>

Craig John Smith, Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendants

**SIMANDLE, District Judge:**

This matter is before the Court on Defendants' motion to dismiss [Docket Item 13] and Plaintiff's motion to amend the Complaint [Docket Item 14]. Because Plaintiff has failed to state a claim upon which relief can be granted and because the proposed amendment would be futile, the Court shall grant the motion to dismiss and deny the motion to amend, as explained below.

## I.    BACKGROUND

This action arises out of Plaintiff Christopher Allen's employment with the Office of the New Jersey Public Defender's Division of the Mental Health Advocate.[1]  In his Complaint, Plaintiff asserts claims against the New Jersey Department of Human Services; Senator Richard Codey; Governor Jon Corzine; Patrick Reilly, the Director of the Division of the Mental Health Advocate; Patrick DiMattia, a manager of human resources; Ted Novak, a deputy in the Mental Health Advocate's office; Linda Blackman, a supervisor in that office; Carol Mincey, a secretary in that office; and Gail Perkey, an investigator there.  Acting pro se, Plaintiff filed his Complaint pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination based on race, color, sex, and "retaliation" and deprivation of constitutional rights under 42 U.S.C. § 1983.  Plaintiff claims that the Public Defender's office discriminated against him by failing to promote and pay him as promised because he is a light-skinned American Indian male.  Plaintiff demands trial by jury.

As Plaintiff concedes in his opposition to this motion to dismiss and in his motion to amend, the New Jersey Department of

---

[1]  At the time of the incidents at issue in this case, the office of the Mental Health Advocate was part of the Office of the Public Defender.  As of January 17, 2006, however, the Mental Health Advocate's office was transferred to the newly-created office of the Public Advocate.  N.J. Stat. Ann. § 52:27EE-37 (2006).

Human Services was not his employer and is a separate agency from the Public Defender.  Nevertheless, the New Jersey Department of Human Services is the entity against whom he filed an EEOC charge and for whom he received a right to sue letter in August 2006, which he attaches to his Complaint.

Defendants moved to dismiss the Complaint on several grounds.  The Title VII claims against New Jersey Department of Human Services have to be dismissed, they argue, because that entity was not his employer.  The Title VII claims against the others have to be dismissed, they argue, because Plaintiff failed to name any of them in the EEOC charge and because individual employees cannot be held liable under Title VII.  The Section 1983 claims fail, according to Defendants, because the State of New Jersey, entities that are arms of the State, and their employees acting in their official capacities are not "persons" under 42 U.S.C. § 1983.  Further, they argue, Plaintiff's Complaint failed to allege any acts that the individual defendants took to deprive Plaintiff of any constitutional right.  Defendants also allege that the individual defendants are entitled to qualified immunity under Section 1983.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court should "accept as true all of

3

the allegations in the Complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d. Cir. 1997). Moreover, "a court may consider an undisputedly authentic document . . . if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977); In re Midlantic Corp. S'holder Litig., 758 F.Supp. 226, 230 (D.N.J. 1990). A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

A party may amend "[its] pleading once as a matter of course at any time before a responsive pleading is served." Fed. R.

Civ. P. 15(a).  If a responsive pleading has been served, "a
party may amend the party's pleading only by leave of court or by
written consent of the adverse party."  Id.  Leave to file an
amended complaint "shall be freely given when justice so
requires."  Id.; see Foman v. Davis, 371 U.S. 178 (1962)(holding
that a motion for leave to amend under Rule 15(a) should be
freely granted); Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir.
1984), cert. denied, 469 U.S. 1122 (1985).  The decision to grant
leave to amend a complaint rests within the sound discretion of
the trial court under Federal Rule of Civil Procedure 15(a).  See
Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.
1983).  However, the liberal amendment philosophy under the
Federal Rules of Civil Procedure limits the district court's
discretion to deny leave to amend.  See Adams, 739 F.2d at 864.
The district court may deny leave to amend only if (a) the moving
party's delay in seeking amendment is undue, motivated by bad
faith, or prejudicial to the non-moving party or (b) the
amendment would be futile (i.e., the amendment fails to state a
cause of action).  Id.; see also Massarsky, 706 F.2d at 125.

**III. FACTS AND PROCEDURAL HISTORY**

> **A. Facts**

_____For the purpose of deciding Defendants' motion to dismiss
and Plaintiff's motion to amend, the following is extracted from
Plaintiff's Complaint.  Additionally, the Court will consider

exhibits A to ZZ attached to Plaintiff's Complaint because Plaintiff's claims are based on these documents and their authenticity is never disputed.  See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an undisputedly authentic document . . . if the plaintiff's claims are based on the document.")

Prior to his acceptance in 2005 of a verbal offer of reassignment, Plaintiff held a position in the Essex (Juvenile) Office of the Public Defender as a "Sr. Clerk Typist."  (Pl.'s Compl. at ¶ 9 and Ex. L to Pl.'s Compl.)  He received several positive performance reviews and a "Co-Worker Recognition Award" for his work. (Exs. XX and ZZ to Pl.'s Compl.)

On November 28, 2005 Patrick Reilly called Plaintiff offering him a "Secretary" position in Gibbsboro, New Jersey. (Pl.'s Compl. at ¶ 2.)  Plaintiff accepted the position orally and relocated to South Jersey.  (Id.)  On December 12, 2005 he began his new employment, receiving training from the departing secretary, Denise Douglas.  (Id.)  On December 22, 2005, Defendant Linda Blackman informed Plaintiff that his position would not be that of "Secretary," but of his former lesser title, "Sr. Clerk Typist."  (Id.)

Plaintiff attempted on numerous occasions to explain to his supervisors, Defendants Linda Blackman and Ted Novak, that

Defendant Reilly had promised him the position of Secretary. (Id.; Exs. I and KK to Pl.'s Compl.)  Defendants instructed Plaintiff not to bring up the matter again to his supervisors because Defendants Reilly and DiMattia had explained the "misunderstanding" to Plaintiff.  (Ex. L to Pl.'s Compl.) Plaintiff performed the same secretarial duties as Ms. Douglas, a Caucasian female.  (Ex. J to Pl.'s Compl.)

Plaintiff wrote letters to Senator Codey (Ex. C to Pl.'s Compl.) and Governor Corzine (Ex. D to Pl.'s Compl.) requesting remedies, specifically an award of the "Secretary" title and its corresponding pay.  Governor Corzine wrote a reply acknowledging his receipt of Plaintiff's letter and forwarded the information for further consideration by the Department of Human Services. (Ex. H to Pl.'s Compl.)

**B. Procedural History**

Plaintiff filed his Complaint on October 31, 2006 alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and deprivation of constitutional rights under 42 U.S.C. § 1983.  Defendants filed a motion to dismiss Plaintiff's Complaint, which Plaintiff opposed.  Plaintiff also filed a motion to amend his Complaint pursuant to Federal Rule of Civil Procedure 15 but failed to attach a proposed amended complaint. In his motion to amend, Plaintiff seeks to add the Office of the Public Defender as a defendant.  (Pl.'s Br. Supp. Mot. Am. Pl.'s

Compl. at 3.)   Plaintiff asserted no new facts in his motion to amend.   Defendants filed a reply in further support of the motion to dismiss and in opposition to the motion to amend.   The Court has considered all of these submissions and for the reasons now explained, Defendants' motion to dismiss will be granted and Plaintiff's motion to amend will be denied.

## IV. DISCUSSION

### A. Defendants' Motion to Dismiss Plaintiff's Claims

#### 1. Title VII Claim

Plaintiff appears to argue that he was denied the "Secretary" title due to his gender, color, race, and/or national origin.   (Pl.'s Compl. at ¶ 10.)   In support of his contention, he notes that the person he was replacing, Ms. Denise Douglas, who held the "Secretary" title at the time she left, is a Caucasian woman.   (Id.)   Furthermore, he asserts that he was being retaliated against for speaking up; more specifically, he was "harassed," "unfairly treat[ed]," and "defamed."   (Id. at ¶ 9.) For the reasons below, Defendants' motion to dismiss Plaintiff's Title VII claims will be granted.

##### a.   *Claim against the New Jersey Department of Human Services*

Defendants first seek to dismiss claims against the New Jersey Department of Human Services ("DHS") because it was not Plaintiff's "employer" as required by 42 U.S.C. §§ 2000e(b) and (f).

Plaintiff acknowledges that he erroneously filed his claim against DHS and therefore agrees to dismissal of all claims against it. (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 8-9.)  Because this aspect of Defendants' motion to dismiss is unopposed and DHS was not Plaintiff's employer, the Court will grant the motion as to DHS and dismiss all claims against it.

b.   *Claim against Individual Defendants*

Defendants next argue for dismissal of Plaintiff's claim against Senator Richard Codey, Governor Jon Corzine, Patrick Reilly, Patrick DiMattia, Ted Novak, Linda Blackman, Carol Mincey, and Gail Perkel because there is no individual liability under Title VII.

The Third Circuit Court of Appeals and the great weight of authority from other courts of appeal unequivocally establish that "individual employees cannot be held liable under Title VII." Dici v. Com. of Pa, 91 F.3d 542, 552 (3d Cir. 1996). See also Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993); Sauers v. Salt Lake Co., 1 F.3d 1122, 1125 (10th Cir. 1993); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995).

Accordingly, Defendants' motion to dismiss the Title VII claim against defendants Senator Richard Codey, Governor Jon Corzine, Patrick Reilly, Patrick DiMattia, Ted Novak, Linda Blackman, Carol Mincey, and Gail Perkel shall be granted.

9

2. Section 1983 Claims

Plaintiff also asserts a Section 1983 claim against Defendants for deprivation of his Constitutional rights.

The pertinent language of Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 does not create any substantive rights, but provides a vehicle for litigating violations of rights created by the Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To properly assert a section 1983 claim, a plaintiff must allege (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff fails to allege any constitutional violation by the New Jersey Office of Human Services, Governor Jon Corzine, Senator Richard Codey, Patrick DiMattia, Patrick Reilly, Carol Mincey, and Gail Perkel. Defendants' motion to dismiss

10

Plaintiff's Section 1983 claim against those Defendants shall therefore be granted.

Plaintiff also fails to allege any constitutional violation against defendants Novak and Blackman in his Complaint, despite his subsequent allegation of a First Amendment violation in his opposition to the motion to dismiss.  Specifically, Plaintiff alleges that defendants Novak and Blackman violated his free speech rights by asking him to "stop complaining about [his] civil service title" or he "would (presumably) face discipline" (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 15).  Absent an allegation of constitutional violation, Plaintiff's Section 1983 claim fails.  Furthermore, even if the Court were to address Plaintiff's allegation of First Amendment violation raised in his brief, as discussed below, his claim would fail on the merits.

First, to establish a claim for retaliation for exercise of protected speech, a plaintiff must show that the speech is protected.  Watters v. City of Phila., 55 F.3d 886, 892 (3d Cir. 1995) (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993); Czurlanis v. Albanese, 721 F.2d 98, 103 (3d Cir. 1983)).  The First Amendment right does not however, shield an employee from discipline based on speech made in his official job duties.  Garcetti v. Ceballos, 126 S. Ct. 1951, 1958 (2006).  The threshold inquiry is whether the employee spoke as a "citizen[] about matters of public concern."  Id. at 1958-59.  If the answer is no, the employee does not have a First Amendment claim based

11

on the employer's reaction to the speech.  Id. at 1958.  This is because the First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities.  Id.

Applying the standard articulated in Garcetti to the instant case, this Court finds that Plaintiff did not speak about matters of public concern when he complained that he had "yet to receive the civil service title of secretary or the accompanying pay rate." (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 15.)  His complaints were thus not protected speech under the First Amendment.  Plaintiff's supervisors, therefore, could not be liable under Section 1983 for violating Plaintiff's constitutional right to speech as alleged.

Plaintiff hence fails to allege an actionable violation of any constitutional right and Defendants' motion to dismiss Plaintiff's Section 1983 claim against all defendants shall be granted.

**B. Plaintiff's Motion to Amend Complaint**

Additionally, Plaintiff seeks to amend his Complaint to name the Office of the Public Defender as a defendant in the instant case. (Pl.'s Br. Supp. Mot. Am. Pl.'s Compl. at 3.)  Plaintiff's motion, which fails to comply with Local Civil Rule 7.1(f), will nonetheless be considered and denied, the Court finding that the amendment would be futile because it fails to state a cause of action, as now discussed.

12

      1.   <u>The Application of Local Rule 7.1(f) to</u>
           <u>Plaintiff's Motion to Amend His Complaint</u>

Plaintiff has failed to attach a proposed amended complaint as required by Local Rule 7.1(f).

Local Rule 7.1(f) states as follows:

> Upon filing of a motion for leave to file an amended complaint or answer, a complaint in intervention, or other pleading requiring leave of Court, the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled.  If leave to file is granted, the moving party shall file the original forthwith.

L. Civ. R. 7.1(f).

Plaintiff includes no proposed amended complaint with his motion as Local Civil Rule 7.1(f) requires.  <u>See also</u> <u>Centifanti v. Nix</u>, 865 F.2d 1422, 1431 n. 10 (3d Cir. 1989) (stating that "the better practice to be followed in filing a motion to amend a complaint is to attach with the motion a copy of a proposed amended complaint"); 6A Wright, Miller & Kane, Federal Practice and Procedure Civ.2d § 1485 (2006).  Failure to comply with this rule has resulted in the denial of such motions. <u>See, e.g.</u>, <u>Malik v. Hannah</u>, No. 05-3901(JBS), 2007 WL 708981 (D.N.J. Mar. 02, 2007); <u>Avatar Bus. Connection v. UniMarts</u>, No. 04-1866(JBS), 2005 WL 3588482 (D.N.J. Dec. 29, 2005); <u>see also</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 374 (3d Cir. 2000) (reasoning that "failure to provide a draft amended [pleading] would be an adequate basis on which the court could deny the ... request").

Because Plaintiff proceeds without an attorney, his failure to follow a technical rule like Local Civil Rule 7.1(f) could be excused and he could receive another opportunity to attach his proposed Amended Complaint.  In the present case, however, as discussed above, the Court has liberally construed Plaintiff's description of his proposed amendment and, for reasons now set forth, finds that his proposed amendment would be futile.

2.   The Application of Federal Rule of Civil Procedure
          15(a) to Plaintiff's Motion to Amend His Complaint

As noted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court under Federal Rule of Civil Procedure 15(a).  See Massarsky, 706 F.2d at 125.  However, the liberal amendment philosophy under the Federal Rules of Civil Procedure limits the district court's discretion to deny leave to amend.  See Adams, 739 F.2d at 864. The district court may deny leave to amend only (a) if the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) if the amendment would be futile (i.e., the amendment fails to state a cause of action).  Id.; see also Massarsky, 706 F.2d at 125.

Here, Defendants argue that Plaintiff's proposed amendment seeking to name the Office of the Public Defender[2] as a defendant

---

[2]  It is undisputed that the Public Defender was Plaintiff's actual employer at the time of the incidents alleged.

14

would fail to state a cause of action and is therefore futile.
(Defs.' Reply Br. at 3.)  This Court agrees.

First, Plaintiff's potential Section 1983 claim against the
Public Defender fails because he does not allege any
constitutional violation against the entity, either in the
Complaint or the proposed amendment.  See West v. Atkins, 487
U.S. 42, 48 (1988) (holding that "[t]o state a claim under §
1983, a plaintiff must allege the violation of a right secured by
the Constitution . . . ").

Furthermore, because the Public Defender was never "named"
as a respondent in the EEOC complaint nor given any notice of
Plaintiff's discrimination charge, Plaintiff has failed to
exhaust administrative remedies and his Title VII claim thus
fails.

42 U.S.C. § 2000e-5(f)(1) states that a Title VII action
"may be brought against the respondent named in the charge."  A
potential federal court plaintiff must exhaust all administrative
remedies prior to filing a Title VII action in Federal court.
Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1975) (noting
that attached "to the right to file a civil action in a federal
district court . . . are certain preconditions").

"Title VII requires plaintiffs to exhaust the administrative
process prior to bringing suit."  Freed v. Consolidated Rail
Corp., 201 F.3d 188, 191 (3d Cir. 2000).  Accordingly, Title VII
"requires an aggrieved party to file, within 180 days of the

alleged discriminatory practice, a charge with the EEOC and receive a 'right to sue' letter before bringing an action against 'the respondent named in the charge.'"  Bishop v. Okidata, Inc., 864 F. Supp. 416, 424 (D.N.J. 1994) (quoting 42 U.S.C. § 2000e-5).

> If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant . . . through the issuance of a "right-to-sue" letter, in which the EEOC states that it sees no reason to take action on the complaint.  See Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).  After 180 days, the complainant on his own may also request a right-to-sue letter.  The EEOC must issue the letter promptly on request.  See 29 C.F.R. § 1601.28(a)(1). The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII.

Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

This requirement plays a gatekeeping function, as "there must be some limitation on suits in the district court so that the Commission will have the first opportunity to examine the allegations of discrimination."  Ostapowicz v. Johnson, 541 F.2d 394, 398 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977). This determination is grounded in the belief that discrimination can be corrected "through administrative conciliation and persuasion."  Id.; see also Stewart v. United States Immigration & Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985) (noting that exhaustion is required "to give the administrative

16

agency the opportunity to investigate, mediate, and take remedial action").

In <u>Glus</u>, the Third Circuit enumerated the following factors this Court must consider in determining whether it may assert jurisdiction over parties not named in an EEOC complaint:

> 1. whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2. whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for purposes of obtaining conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> 3. whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> 4. whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

<u>Glus v. G.C. Murphy Co.</u>, 562 F.2d 880, 888 (3d Cir. 1977) ("<u>Glus I</u>").

The Third Circuit later clarified that "this four-prong test is not a mechanical one; no single factor is decisive.  Instead each factor should be evaluated in light of the statutory purposes of Title VII and the interests of both parties."  <u>Glus v. G.C. Murphy Co.</u>, 629 F.2d 248, 251 (3d Cir. 1980) ("<u>Glus II</u>").

Two purposes are served by naming charged parties in EEOC complaints: the first is to give notice to the party of a complaint against it; the second is to facilitate voluntary

conciliation between the parties without resort to litigation. Glus I, 562 F.2d at 888.  The Glus II court upheld jurisdiction over a national union when its local chapter was named in the original charge because the court found that the interests of the unnamed party were "identical in all significant aspects" to those of the named party, that the plaintiff could "reasonably assume that the interests of [the unnamed party] were to be represented by [the named party]," and that "the conciliation process was not rendered less effective because of the absence of [the unnamed party]."  Glus II, 629 F.2d at 251.

Unlike Glus II, the interests of the Public Defender in the instant case were not represented before the EEOC by the DHS. The Office of the Public Defender is by state law an independent agency; it is not under the supervision or control by any state department.  N.J. Stat. Ann. § 2A:158A-3 (1985).  The interests of unrelated state agencies, only one of which employed the Plaintiff, could not be "so similar that for purposes of obtaining conciliation and compliance it would be unnecessary to include [the unnamed party] in the EEOC proceedings."  Glus I, 562 F.2d at 888 (factor 2).

Furthermore, conferring jurisdiction over the Public Defender in this case would be prejudicial to its interests (Glus I factor 3) because DHS, a state agency independent from the Public Defender, lacks established processes to communicate Plaintiff's charge of employment discrimination.  Additionally,

18

nothing in the record indicates that the Public Defender ever represented to Plaintiff that its relationship with him is to be through DHS (Glus I factor 4).  Finally, Plaintiff must have known that he is employed by the Public Defender; he stated in his Complaint that "Director Patrick Reilly ... called me at my office of Public Defender Essex Juvenile ..."  (Pl.'s Compl. at ¶ 9) (Emphasis added) and he attaches to his Complaint numerous documents generated by the Public Defender.  Plaintiff should have been able to ascertain at the time of the EEOC complaint the role of the Public Defender as his employer (Glus I factor 1)

Plaintiff argues that he erroneously named DHS in his EEOC complaint per instruction from an EEOC investigator, and that he should therefore be excused from this error.  This claim, however, would actually militate against finding jurisdiction over the Public Defender.  If an EEOC official was himself confused as to who employed Plaintiff, the Commission would be in no position to place the correct entity on notice as to Plaintiff's claims, nor would any voluntary conciliation be facilitated with the actual employer.  Retaining jurisdiction over Plaintiff's claim against the Public Defender in this case would hence frustrate the conciliatory purposes of exhaustion and the interests of the parties involved.  Glus II, 629 F.2d at 251.

Plaintiff further argues that his reference to the "Public Defender's office" in the body of his EEOC complaint is functionally equivalent to actually "naming" the Public Defender

19

as a respondent in the charge.  This argument is unpersuasive.
In support of his claim, Plaintiff cites the cases of Sandom v.
Travelers Mortgage Servs., Inc., 752 F. Supp. 1240 (D.N.J. 1990)
and Acampora v. Boise Cascade Corp., 635 F. Supp. 66 (D.N.J.
1986).  In both cases, however, the complainants had correctly
named the entity by whom they were employed.  Acampora, 635 F.
Supp. at 71-72; Sandom, 752 F. Supp. at 1243.  The issue raised
by these two cases, as Defendants' brief correctly pointed out,
was whether the complainants, having named their correct
employers as respondents, could maintain a Title VII claim
against the individual supervisors whose names appear only in the
bodies of the charges.  (Defs.' Reply Br. at 5.)  These two cases
are not applicable to the instant case where Plaintiff at bar
failed to correctly name his employer as a respondent in his EEOC
claim and there is no employer-employee relationship between the
agencies.

Thus, the omission of the Public Defender from Plaintiff's
EEOC complaint failed to give notice to the Public Defender of a
complaint against it.  Therefore, Plaintiff failed to exhaust his
administrative remedies for his Title VII claim against the
Office of the Public Defender and he is precluded from bringing
Title VII claims against the entity in this Court.  See
Ostapowicz, 541 F.2d at 398 (holding that "the aggrieved person
is not permitted to bypass the administrative process").

Because Plaintiff's potential Section 1983 and Title VII claims against the Public Defender would fail, his proposed amendment would be futile.  The Court shall therefore deny Plaintiff's motion to amend under Federal Rule of Civil Procedure 15(a).

**V. CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss will be granted and Mr. Allen's petition for leave to amend his Complaint will be denied.  The accompanying Order is entered.

**August 8, 2007**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge